1  Sandra A. Crawshaw-Sparks, SBN 291101
&lt;scrawshaw@proskauer.com&gt;
2  Jennifer L. Jones, SBN 284624
&lt;jljones@proskauer.com&gt;
3  PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
4  Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
5  Facsimile:    (310) 557-2193

6  Attorneys for Plaintiff
National Academy of Recording Arts &
7  Sciences, Inc.

8
UNITED STATES DISTRICT COURT
9
CENTRAL DISTRICT OF CALIFORNIA
10

11

12  NATIONAL ACADEMY OF                    )   Case No.   2:15-cv-594
RECORDING ARTS & SCIENCES, INC., )
13  a Delaware corporation,                )
)   **COMPLAINT FOR DAMAGES**
14                     Plaintiff,          )   **AND INJUNCTIVE RELIEF**
)
15               v.                        )   **DEMAND FOR JURY TRIAL**
)
16  HOLLYWOOD ENTERTAINMENT          )
GROUP LLC, a Nevada Limited Liability )
17  Company, d/b/a VIP CONCIERGE, INC.; )
and CRAIG BANASZEWSKI, an          )
18  individual,                            )
)
19                     Defendants.         )
_____

20

21

22

23

24

25

26

27

28

Plaintiff National Academy of Recording Arts & Sciences, Inc. ("The Recording Academy®"), by its attorneys, Proskauer Rose LLP, for its complaint against defendants Hollywood Entertainment Group LLC, d/b/a/ VIP Concierge, Inc., and Craig Banaszewski, alleges as follows:

## THE PARTIES

1.     The Recording Academy is a Delaware not-for-profit corporation with its principal place of business located at 3030 Olympic Boulevard, Santa Monica, California 90404.  The Recording Academy has over 18,000 members.  For more than 50 years The Recording Academy has represented the individuals who contribute to the creation and exploitation of recorded music, including recording artists, musicians, songwriters and record producers.  Among other activities, The Recording Academy presents the GRAMMY® Awards, the only peer-presented awards that honor artistic achievement in the music industry.  The annual GRAMMY Awards ceremony is telecast throughout the world.  The GRAMMY Awards is a private, invitation-only event that is closed to the general public.  The Recording Academy is the owner of the mark MUSIC'S BIGGEST NIGHT®, copyrights and trademarks in its Refreshed Gramophone Design logo (the "Gramophone Logo"), and copyright-protected photographs from GRAMMY Awards events.

2.     On information and belief, defendant Hollywood Entertainment Group LLC is a Nevada limited liability company with its principal place of business located at 9107 Wilshire Blvd., Suite 450, Beverly Hills, CA 90210.  Upon further information and belief, Hollywood Entertainment Group LLC does business under the trade name "VIP Concierge, Inc."  It is a ticket broker for sought-after entertainment, sporting, and other events, and offers to sell and sells such tickets at a substantial premium above the face value, sometimes as part of entertainment packages.  It has offered to sell and/or sold such tickets in every state of the United States, including California, through, among other things, its website www.thevipconcierge.com.

3.     On information and belief, defendant Craig Banaszewski is an individual residing in or around Los Angeles, California, and the owner and managing member of Hollywood Entertainment Group LLC.

## NATURE OF THE ACTION

4.     This is a complaint for trademark infringement, copyright infringement, false association, unfair competition, interference with contractual relationships, unfair or deceptive business practices under state law, and inducement of trespass arising out of false and misleading representations defendants made and continue to make through, among other things, (a) the unauthorized offering for sale and sale of non-public tickets to The Recording Academy's GRAMMY Awards ceremony; and (b) defendants' knowing and willful display and commercial use of The Recording Academy's federally registered trademark MUSIC'S BIGGEST NIGHT, the copyright and trademark-protected Gramophone Logo, and copyright-protected photographs of previous GRAMMY Awards events.

5.     In or about January 2015, The Recording Academy learned that defendants were offering for sale and/or selling tickets to the 57th Annual GRAMMY Awards ceremony, scheduled for February 8, 2015, on www.thevipconcierge.com and using The Recording Academy's federally protected intellectual property to advertise those unauthorized ticket sales.

6.     On January 5, 2015, The Recording Academy's attorney wrote to defendants to remind them of, among other things, The Recording Academy's restrictions on the transfer or sale of GRAMMY Awards tickets, and that any unauthorized transfer or sale is unlawful, will automatically render the tickets void, and subject the ticket holders to ejection from the GRAMMY Awards ceremony as trespassers.  The Recording Academy demanded that defendants cease and desist from direct or indirect references to MUSIC'S BIGGEST NIGHT and the Gramophone Logo and from offering to sell and selling tickets to the GRAMMY Awards ceremony.  Counsel further informed defendants that if they did not remove

1   the offending Web page, and permanently cease their unauthorized and unlawful

2   activities with respect to GRAMMY Awards tickets in any year, The Recording

3   Academy would take steps to enforce its legal rights and remedies without further

4   notice.

5       7.    Defendants did not respond to the January 5, 2015 letter, have continued

6   to offer for sale and sell tickets to the February 8, 2015 GRAMMY Awards

7   ceremony, and are using The Recording Academy's intellectual property to confusion

8   and deceive consumers into believing that the tickets sold by Hollywood

9   Entertainment Group are authorized by The Recording Academy and valid for entry

10  into the February 8, 2015 GRAMMY Awards ceremony when they are not.

11      8.    Defendants are well aware of The Recording Academy's restrictions on

12  tickets to the Annual GRAMMY Awards ceremony, and continue their unlawful

13  activity despite knowing the harm that it causes to both the unwitting members of the

14  public, who pay thousands of dollars for, among other things, the tickets, awards

15  show attire, and travel expenses, only to be refused entry to – or worse, ejected from –

16  the GRAMMY Awards ceremony, and The Recording Academy, whose goodwill and

17  reputation suffer as a result of the negative attention that results from its having to

18  exclude unauthorized ticketholders from this exclusive event.

19      9.    As detailed in a Complaint defendant Hollywood Entertainment Group

20  LLC filed last year against a ticket reseller whose tickets to the February 10, 2013 55th

21  Annual GRAMMY Awards ceremony The Recording Academy invalidated upon

22  learning they were transferred without permission, The Recording Academy takes the

23  privacy of the GRAMMY Awards ceremony seriously and will invalidate any tickets

24  which it learns are the subject of an unauthorized sale. *See* Exhibit A at ¶ 8

25  (Complaint filed in *Hollywood Entertainment Group LLC v. Blakeley, et al*, Civil

26  Case No. BC509381 (L.A.S.C. May 17, 2013)).

27      10.    Even prior to the 55th Annual GRAMMY Awards ceremony, The

28  Recording Academy had contacted defendants to warn them that tickets to certain

non-public GRAMMY Awards events are private, invitation only events and that any unauthorized transfer or sale is unlawful, will automatically render the tickets void, and subject the ticket holders to ejection from private GRAMMY Awards events as trespassers.

11.     Specifically, counsel for The Recording Academy wrote to defendants three years ago, on January 4, 2012 after The Recording Academy learned that defendants were offering for sale and/or selling tickets to the 54th annual GRAMMY Awards ceremony on www.thevipconcierge.com.  The letter advised defendants that the GRAMMY Awards telecast is not open to the general public, that The Recording Academy's ticket policy, to which all purchasers agree to be bound, restricts transfer or resale of tickets to the annual GRAMMY Awards telecast, and that anyone who seeks to use a ticket to the annual GRAMMY Awards telecast in contravention of this policy will be denied entrance to and/or ejected from the GRAMMY Awards telecast. Counsel further demanded that defendants cease and desist from this conduct, which confuses the public and damages the reputation and goodwill of the GRAMMY Awards and The Recording Academy, and further demanded that defendants cease using The Recording Academy's protected intellectual property.

12.     Because (a) defendants responded on January 12, 2012 explaining that they had removed all references to the GRAMMY Awards on their site and would not sell tickets to this event; and (b) The Recording Academy also separately confirmed that on January 10, 2012, the listing offering tickets to the 54th Annual GRAMMY Awards telecast had been removed from the www.vipconcierge.com website, The Recording Academy did not pursue the matter further at that time.

13.     Despite having knowledge of The Recording Academy's restrictions on the transfer and sale of GRAMMY Awards tickets that any unauthorized transfer or sale is unlawful, will automatically render the tickets void, and subject the ticket holders to ejection from the GRAMMY Awards ceremony as trespassers, defendants have continued to offer to sell and/or sell tickets to the 57th Annual GRAMMY

Awards ceremony scheduled for February 8, 2015.  Thus, defendants are perpetrating a fraud on the public.

14.     In their attempt to perpetrate the unauthorized sale of GRAMMY Awards ceremony tickets, defendants are also infringing The Recording Academy's intellectual property rights by utilizing the mark MUSIC'S BIGGEST NIGHT, displaying images of the trademark and copyright-protected Gramophone Logo, and copyright-protected photographs from prior GRAMMY Awards telecasts.

## JURISDICTION AND VENUE

15.     This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. §§ 1051, et seq. and under the federal copyright laws (the "Copyright Act"), 17 U.S.C. §§ 101, et seq.

16.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 112, and 28 U.S.C. §§ 1331, 1338 and 1367.

17.     The Recording Academy is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over defendants because (i) defendant Hollywood Entertainment Group LLC has its principal place of business in the State of California and this judicial district; (ii) defendant Craig Banaszewski is a resident in the State of California and this judicial district; (iii) defendants conduct business within the State of California and this judicial district; (iii) the causes of action asserted in this Complaint arise out of defendants' contacts with the State of California and this judicial district; and (v) defendants have caused tortious injury to The Recording Academy in the State of California and this judicial district.

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because (i) defendant Hollywood Entertainment Group LLC has its principal place of business in the State of California and this judicial district; (ii) defendant Craig Banaszewski is a resident in the State of California and this judicial district; (iii) defendants conduct business within the State of California and this judicial district; (iii) the causes of action asserted in this Complaint arise out of defendants' contacts

with the State of California and this judicial district; and (v) defendants have caused tortious injury to The Recording Academy in the State of California and this judicial district.

## FACTS COMMON TO ALL COUNTS

19.     The Recording Academy's GRAMMY Awards ceremony telecast attracts approximately 25 million viewers in the United States and approximately 600 million viewers in the rest of the world.  The biggest names in the entertainment world attend the ceremony.  Attendance in person is a highly sought-after privilege and, for music fans, a cause for great excitement.  The Recording Academy offers tickets on a restricted basis only to their dues-paying members and to nonmember grantees such as The Recording Academy's promotional and sponsorship partners.  Tickets to the GRAMMY Awards ceremony are not for sale to the general public.

20.     Each ticket to the GRAMMY Awards ceremony issued by The Recording Academy is, on its face, nontransferable except in a manner specifically authorized in writing by The Recording Academy.  The admonition on the tickets states:  "This ticket is not transferable …. Tickets transferred or re-sold without permission will be revoked and their bearers deemed trespassers."  Each ticket transferred or sold without such permission is void.

21.     Each member of The Recording Academy who is offered the opportunity to buy a limited number of tickets is required to sign and submit an Academy Member Order Form that contains the following language:

> These tickets are not transferable and require your personal
> attendance along with your guest.
>
> …
>
> **PLEASE READ THE FOLLOWING AND SIGN**
> **BELOW**.  Tickets to Recording Academy events,
> including but not limited to the GRAMMY Awards, are for
> use by the account holder and its invited guest(s) only, are

1     not transferable by account holder or any of its invited

2     guests, and may not be sold, otherwise transferred or used

3     for any other purpose, including promotional, commercial,

4     advertising, or other trade purposes, without the express

5     written consent of The Recording Academy.  Tickets sold,

6     otherwise transferred or used in violation of this policy

7     shall be deemed revoked and void, and their bearers

8     deemed trespassers at all Recording Academy events.  By

9     accepting delivery of tickets, the account holder and its

10    guests are bound by this Ticket Policy and the account

11    holder agrees to inform with due diligence all of its invited

12    guests of the terms of this Ticket Policy.  The Recording

13    Academy reserves all legal rights and remedies.  Your

14    signature below is evidence of your agreement to comply

15    with this Ticket Policy.

16  Comparable restrictions govern the distribution of tickets to The Recording

17  Academy's nonmember invitees, including under authorized promotional and

18  sponsorship programs.

19    22.   To further emphasize the strict prohibition against unauthorized transfer

20  or sale, the Order Confirmation sent to each invitee who ordered GRAMMY Awards

21  tickets contains the following language:

22    **<u>TICKETS ARE NOT TRANSFERABLE</u>**

23    Tickets to Recording Academy® events, including but not

24    limited to the GRAMMY Awards, are for use by the

25    account holder and its invited guest(s) only, are not

26    transferable by account holder or any of its invited guests,

27    and may not be sold, otherwise transferred or used for any

28    other purpose, including promotional, commercial,

advertising, or other trade purposes, without the express
written consent of The Recording Academy.  Tickets sold,
otherwise transferred or used in violation of this policy
shall be deemed revoked and void, and their bearers
deemed trespassers at all Recording Academy events.  **By
accepting delivery of tickets, the account holder and its
guests are bound by this Ticket Policy and the account
holder agrees to inform with due diligence all of its
invited guests of the terms of this Ticket Policy.**  The
Recording Academy reserves all legal rights and remedies.

23.     To further emphasize the strict prohibition against unauthorized transfer
or sale, when an invitee of The Recording Academy, or its designee, picks up the
GRAMMY Awards tickets from The Recording Academy, the invitee is required to
sign a Ticket Release Form and place the invitee's initials next to the following
language:

### <u>TICKETS ARE NON-TRANSFERABLE</u>

I understand that tickets to Recording Academy events,
including but not limited to the GRAMMY Awards, are for
use by the account holder and its invited guest(s) only, are
not transferable by account holder or any of its invited
guests, and may not be sold, otherwise transferred or used
for any other purpose, including promotional, commercial,
advertising, or other trade purposes, without the express
written consent of The Recording Academy.  Tickets sold,
otherwise transferred or used in violation of this policy
shall be deemed revoked and void, and their bearers
deemed trespassers at all Recording Academy events.  **By
accepting delivery of tickets, the account holder and its**

**guests are bound by this Ticket Policy and the account holder agrees to inform with due diligence all of its invited guests of the terms of this Ticket Policy.** The Recording Academy reserves all legal rights and remedies.

24.    To further emphasize the strict prohibition against unauthorized transfer or sale, when an invitee picks up GRAMMY Awards tickets from The Recording Academy, the tickets are in an envelope with an affixed label that states:

> GRAMMY® Awards tickets are for use by the account holder and its invited guest(s) only, are not transferable, and may not be sold or used for any other trade purposes without the express written consent of The Recording Academy.® Tickets used in violation of this policy shall be deemed revoked and void, and their bearers deemed trespassers. The Recording Academy reserves all legal rights and remedies.

25.    To further emphasize the strict prohibition against unauthorized transfer or sale, the following language appears on each GRAMMY Awards ticket:

> This ticket is a revocable license intended for use only by the original purchaser and purchaser's invited guest(s) ("Holder"). This ticket may not be transferred or resold and the rights granted herein may not be assigned. No promotional, commercial, advertising or other trade use of this ticket may be made without the prior express written consent of The Recording Academy®. Tickets obtained from unauthorized sources or in contravention of the terms and conditions of this ticket or applicable law will not be honored, and their holders shall be deemed trespassers.
> …

The violation or breach of any of the terms set forth above
will automatically terminate this license and shall render
the use of this ticket by the Holder for any purpose illegal
and unauthorized.

26.     Notwithstanding the prohibition against unauthorized transfer or sale of GRAMMY Awards tickets, defendants continue to offer for sale and upon information and belief, have sold tickets to the 57th Annual GRAMMY Awards ceremonies.

27.     A search for GRAMMY Awards ceremony tickets on www.thevipconcierge.com on January 20, 2015 led to a page advertising eleven tickets for sale to the February 8, 2015 GRAMMY Awards telecast.  *See* Exhibit B.

28.     However, merely two days later, in the morning of January 22, 2015, only ten tickets were available for sale to the February 8, 2015 GRAMMY Awards telecast on www.thevipconcierge.com.  *See* Exhibit C.

29.     Later in the afternoon on January 22, 2015, only eight tickets were available for sale to the February 8, 2015 GRAMMY Awards telecast on www.thevipconcierge.com.  *See* Exhibit D.

30.     On January 26, 2015, www.thevipconcierge.com had apparently sold those eight tickets.  *See* Exhibit E.

31.     Unless enjoined, defendants will continue to offer to sell and sell GRAMMY Awards ceremony tickets to the unwitting public that upon sale or transfer are void.

32.     By advertising for sale tickets to the 57th Annual GRAMMY Awards ceremony, and using The Recording Academy's intellectual property to do so, defendants have caused, and continue to cause, members of the public to be confused or deceived into believing that defendants are associated with, and or authorized to transfer or sell such tickets by, The Recording Academy, when in fact only The Recording Academy and its licensees are authorized to transfer or sell such tickets.

33.     On January 5, 2015, The Recording Academy informed defendants in writing of the restrictions on the transfer or sale of GRAMMY Awards tickets, and that any unauthorized transfer or sale is unlawful, will automatically render the tickets void, and subject the ticket holders to ejection from the GRAMMY Awards ceremony as trespassers.  Defendants have ignored The Recording Academy's demands that they cease and desist offering to sell and/or selling GRAMMY Awards tickets. Unless restrained by this Court, defendants will continue to offer to sell and sell GRAMMY Awards tickets.

34.     As of the filing of this Complaint, the homepage at www.thevipconcierge.com advertised tickets for sale to the GRAMMY Awards ceremony under the trademarked phrase MUSIC'S BIGGEST NIGHT and a photograph of a famous recording artist standing in front of a backdrop that includes The Recording Academy's trademark and copyright-protected Gramophone Logo. *See* Exhibit F.

35.     The United States Patent & Trademark Office issued U.S. Trademark Registration No. 3,089,285 on May 9, 2006 for the mark MUSIC'S BIGGEST NIGHT in connection with "[e]ntertainment services, namely, conducting an annual awards ceremony to recognize artistic progress and achievement in the field of recording arts and science."

36.     The United States Patent & Trademark Office issued U.S. Trademark Registration No. 3,742,176 on January 26, 2010 for the Gramophone Logo trademark in connection with, among other things, "entertainment services in the nature of televised music awards programs [and] an annual awards program for the presentation of awards in recognition of distinguished achievement in the field of music."  A true and correct copy of the Gramophone Logo trademark registration certificate is attached as Exhibit G.

37.     The United States Copyright Office issued U.S. Copyright Registration No. VA0001735666 on August 2, 2010 for the Gramophone Logo.

38.     Defendants also have used and are using at least six images from prior GRAMMY Awards events without The Recording Academy's permission to commercially exploit tickets to the 57th Annual GRAMMY Awards ceremony.

39.     For each of these six photographs, which are more fully described below (collectively, the "GRAMMY Photographs"), The Recording Academy has filed applications for copyright registration with the United States Copyright Office:

    a.    Macklemore in the press room at the GRAMMY Nominations Concert Live!! held on December 6, 2013.  *See* Exhibit H.

    b.    Katy Perry performing at the 51st Annual Grammy Awards held on February 8, 2009.  *See* Exhibit I.

    c.    Jay-Z and Rihanna accepting a GRAMMY Award at the 50th Annual GRAMMY Awards ceremony held on February 9, 2008.  *See* Exhibit J.

    d.    David Bisbal and Kany Garcia presenting at the 10th annual Latin GRAMMY Awards held on November 4, 2009.  *See* Exhibit K.

    e.    Shakira performing at the 49th Annual GRAMMY Awards held on February 11, 2007.  *See* Exhibit L.

    f.    Paul McCartney performing at the 51st Annual GRAMMY Awards held on February 8, 2009.  *See* Exhibit M.

40.     In addition to infringing The Recording Academy's intellectual property, defendants' statements on their websites have been and are false and misleading.  Defendants have not disclosed to the public that GRAMMY Awards tickets offered for sale and/or sold by or through defendants are invalid, and that any unauthorized transfer or sale is unlawful, will automatically render the tickets void, and subject the ticket holders to ejection from the GRAMMY Awards ceremony as trespassers.  By using a false and unauthorized endorsement to offer to sell and/or sell GRAMMY Awards tickets, defendants are causing members of the public to be confused or deceived into believing that The Recording Academy has authorized

defendants to engage in such conduct when in fact it has not.  The false and misleading representations that defendants have made and continue to make in connection with commercial exploitation of their ticket sales misrepresent the qualities of the goods defendants are offering to sell and/or selling – purportedly valid GRAMMY Awards tickets that in fact are invalid upon transfer or sale.

41.    As a direct result of defendants' false and unauthorized endorsement and misleading statements about the nature and qualities of the goods they are offering to sell and/or selling, The Recording Academy is suffering, and will continue to suffer, irreparable injury for which there is no adequate remedy at law.  Money damages cannot fully repair the damage that will be done to The Recording Academy's reputation and goodwill if it must turn away would-be ceremony attendees on the red carpet because they have unwittingly purchased void tickets from Defendants.

42.    Defendants' actions were and are undertaken knowingly, willfully and wantonly.  In addition to having been warned by The Recording Academy, Hollywood Entertainment Group LLC's own prior pleadings detail what has happened when it sells void tickets to the Annual GRAMMY Awards show – the ticketholders are barred or ejected from the ceremony.  Yet, Defendants have continued to sell void tickets to subsequent GRAMMY Awards ceremonies to unwitting members of the public.

43.    The foregoing actions have occurred in, or in a manner affecting, interstate commerce.

44.    On January 5, 2015, having discovered defendants' unlawful conduct described herein, The Recording Academy:  (a) informed defendants' of the restrictions on the transfer or sale of GRAMMY Awards tickets, and that any unauthorized transfer or sale is unlawful, will automatically render the tickets void, and subject the ticket holders to ejection from the GRAMMY Awards ceremony as trespassers; (b) demanded that defendants cease and desist offering to sell and selling GRAMMY Awards tickets; (c) demanded that defendants provide written assurances

that they will not offer to sell and/or sell GRAMMY Awards tickets in the future and (d) cease using The Recording Academy's intellectual property.  Defendants have not complied with these demands.

45.     Notwithstanding the foregoing, without the Recording Academy's authorization or consent, defendants have continued to offer to sell and/or sell GRAMMY Awards tickets to the 57th Annual GRAMMY Awards ceremony. Defendants have done so knowing that their conduct is unlawful and subjects them to liability for, among other things, trademark infringement, copyright infringement, false association, unfair competition, interference with contractual relationships, unfair or deceptive business practices under state law, and inducement of trespass.

46.     Unless restrained and enjoined by this Court, defendants will continue to engage in the unlawful activities described herein.

## COUNT I

### TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. §§ 1114
### (Against All Defendants)

47.     The Recording Academy repeats and realleges every allegation contained in paragraphs 1-46 as though fully set forth herein.

48.     The MUSIC'S BIGGEST NIGHT trademark is an inherently distinctive, strong, valid, and protectable trademark owned by The Recording Academy.

49.     The Gramophone Logo trademark is an inherently distinctive, strong, valid, and protectable trademark owned by The Recording Academy.

50.     Defendants are infringing The Recording Academy's registered trademarks in connection with their unauthorized offering for sale and sale of non-publically available tickets to the GRAMMY Awards ceremony.

51.     Defendants have displayed and/or commercially used the marks MUSIC'S BIGGEST NIGHT and the Gramophone Logo as part of their website advertisements.  Defendants' display or use of these marks is and has been without the consent or authorization of The Recording Academy and for commercial purposes.

52.     Defendants' use of the term MUSIC'S BIGGEST NIGHT and the Gramophone Logo to commit unauthorized sales of GRAMMY Awards ceremony tickets comprises an infringement of The Recording Academy's registered trademarks and is likely to cause confusion, mistake and deception of the public as to the identity, origin and validity of defendants' goods, causing irreparable harm to The Recording Academy for which there is no adequate remedy at law.

53.     By reason of the foregoing acts, defendants are liable to The Recording Academy for trademark infringement under 15 U.S.C. § 1114.

54.     This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling The Recording Academy to, among other things, treble damages and an award of reasonable attorneys' fees.

## COUNT II

**COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. §§ 106, et seq.**

**(Against All Defendants)**

55.     The Recording Academy repeats and realleges every allegation contained in paragraphs 1-54 as though fully set forth herein.

56.     Defendants have displayed and/or commercially used The Recording Academy's copyrighted Gramophone Logo in their website advertisements. Defendants' display or use of the Gramophone Logo is and has been without the consent or authorization of The Recording Academy and for commercial purposes. Accordingly, defendants have knowingly and wilfully infringed The Recording Academy's copyright in its Gramophone Logo.

57.     Defendants have displayed and/or commercially used The Recording Academy's copyrighted GRAMMY Photographs in their website advertisements. Defendants' display or use of the GRAMMY Photographs is and has been without the consent or authorization of The Recording Academy and for commercial purposes. Accordingly, defendants have knowingly and wilfully infringed The Recording Academy's copyright in its GRAMMY Photographs.

58.     The Recording Academy has suffered serious injury as a result of the foregoing infringement of its copyrights, including harm to its goodwill and reputation in the marketplace.  In addition, The Recording Academy will continue to suffer serious injury if defendants are not enjoined from displaying on its website or otherwise commercially using the Gramophone Logo and/or GRAMMY Photographs.  The Recording Academy has no adequate remedy at law for defendants' knowing and willful acts of infringement.  Therefore, The Recording Academy is entitled to preliminary and permanent injunctions enjoining defendants' acts of infringement and to recover its costs and reasonable attorneys' fees from defendants pursuant to 17 U.S.C. § 505, in addition to its lost profits and actual damages or statutory damages for defendants' knowing and willful infringements of The Recording Academy's copyrighted works.

## COUNT III

## FALSE ASSOCIATION AND UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)(1)(A)

### (Against All Defendants)

59.     The Recording Academy repeats and realleges every allegation contained in paragraphs 1-58 as though fully set forth herein.

60.     Defendants' conduct as described herein has created a likelihood of confusion as to whether The Recording Academy is endorsing the sale of GRAMMY Awards ceremony tickets constitutes false and misleading representations of fact in connection with defendants' goods, services and commercial activities.

61.     By offering for sale and/or selling tickets to the 57th Annual GRAMMY Awards telecast, defendants have been causing members of the public to be confused and deceived into believing that The Recording Academy authorized, approved or somehow sponsored the sale of such tickets or that defendants are otherwise affiliated with The Recording Academy, when in fact only The Recording Academy and its

licensees are authorized to sell such tickets, and The Recording Academy will not fulfill a ticket order from defendants.

62.     Defendants' conduct as described herein has caused harm to The Recording Academy's goodwill and reputation as a result of the diminution in the glamour and exclusivity associated with the GRAMMY Awards ceremony and the negative publicity associated with the need to exclude unauthorized ticket holders from entering its private event.

63.     Accordingly, defendants' conduct as described herein constitutes unfair competition and false representations concerning the association and endorsement of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

64.     This is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, entitling The Recording Academy to, among other things, treble damages and an award of reasonable attorneys' fees.

## COUNT IV
## COMMON LAW INTERFERENCE WITH
## CONTRACTUAL RELATIONSHIPS
### (Against All Defendants)

65.     The Recording Academy repeats and realleges every allegation contained in paragraphs 1-64 as though fully set forth herein.

66.     Based on The Recording Academy having informed defendants that GRAMMY Awards tickets are nontransferable, the statement on GRAMMY Awards tickets that "This ticket is not transferable ....  Tickets transferred or re-sold without permission will be revoked and their bearers deemed trespassers," and defendants' knowledge and experience as a professional ticket broker, defendants have been aware of contracts between The Recording Academy and authorized ticket holders, which provide that the tickets are nontransferable and cannot be sold.  On information and belief, defendants have also been aware that The Recording Academy's

GRAMMY Awards Ticket Order Form and Ticket Release Form provide that the tickets are void upon transfer or sale.

67. Upon information and belief, defendants intentionally induced The Recording Academy's members and invitees to breach their contracts by transferring and/or selling GRAMMY Awards tickets to defendants and/or their customers. Defendants did so with the intent to interfere with and disrupt the contractual relationships between The Recording Academy and certain of its members and invitees. Defendants induced, and unless enjoined will continue to induce, such members and invitees to breach their contracts with The Recording Academy. Defendants' conduct has denied, and will continue to deny, The Recording Academy the full benefits of the contracts with its members and invitees.

68. Upon information and belief, certain members and invitees of The Recording Academy have in fact breached their contracts with The Recording Academy by purchasing GRAMMY Award tickets from The Recording Academy or its licensees with no intention of honoring the obligations and restrictions on transfer contained therein, and then by transferring and/or selling the GRAMMY Awards tickets to defendants or their customers. These members and invitees of The Recording Academy have in fact repudiated those obligations and restrictions.

69. As a result of defendants' conduct as described herein, The Recording Academy has suffered actual and compensatory damages in an amount to be determined at trial.

70. Defendants' conduct as described herein constitutes tortious interference with The Recording Academy's aforementioned contractual relationships with certain of its members and invitees.

<div align="center">

**COUNT V**

**UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN**

**VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 AND 17500**

**(Against All Defendants)**

</div>

71.     The Recording Academy repeats and realleges every allegation contained in paragraphs 1-70 as though fully set forth herein.

72.     The Recording Academy has rented the Staples Center for the 57th Annual GRAMMY Awards ceremony, and will rent venues for future GRAMMY Awards ceremonies.  The Recording Academy has and will have the right to the exclusive possession of such venues during the days and times of the GRAMMY Awards ceremony and related events.

73.     Defendants' conduct in offering to sell and/or selling GRAMMY Awards tickets constitutes an inducement to The Recording Academy's members and invitees to breach their contracts with The Recording Academy, and an inducement to the purchasers of such tickets to commit a trespass.

74.     At all relevant times, defendants have been on notice that:  (a) the GRAMMY Awards ceremony is a private event; (b) The Recording Academy does not permit the transfer or sale of GRAMMY Awards tickets; and (c) ticket bearers not invited by The Recording Academy possess void tickets and will be subject to eviction from the GRAMMY Awards ceremony as trespassers.  Nevertheless, defendants have offered to sell and/or sold GRAMMY Awards tickets, and continue to offer to sell and/or sell such tickets.

75.     Members of the public are likely to be confused and deceived into believing that if they purchase GRAMMY Awards tickets from or through defendants, they are welcome to attend the GRAMMY Awards ceremony and access the exterior areas of the ceremony.  This is especially true because defendants are commercial ticket brokers that routinely resell tickets to a variety of entertainment events to the public.

76.     Defendants' conduct as described herein constitutes unfair and fraudulent business acts or practices and deceptive, untrue, and misleading advertising in violation of California Business & Professions Code §§ 17200 and 17500.

## COUNT VI
## INDUCEMENT OF TRESPASS
### (Against All Defendants)

77.     The Recording Academy repeats and realleges every allegation contained in paragraphs 1-76 as though fully set forth herein.

78.     The Recording Academy rented entertainment venues for past GRAMMY Awards ceremonies, has rented the Staples Center for the 57th Annual GRAMMY Awards ceremony, and will rent venues for future GRAMMY Awards ceremonies.  Accordingly, The Recording Academy has and will have the right to the exclusive possession of such venues during the days and times of GRAMMY Awards ceremony and related events.

79.     Permission to enter the GRAMMY Awards ceremony, including its related areas, is restricted to invitees of The Recording Academy.

80.     Members of the public who in the future may purchase tickets to attend GRAMMY Awards ceremonies, including the 57th Annual GRAMMY Awards ceremony at the Staples Center scheduled for February 8, 2015, will be trespassers, as will defendants themselves for causing the trespasses.

81.     By enabling members of the public to attend the GRAMMY Awards ceremony, defendants intentionally and wrongfully intruded, and will continue to intrude, into a private event.

82.     Defendants' conduct as described herein constitutes an inducement of trespass by those members of the public who purchase GRAMMY Awards tickets from or through defendants.

83.     The Recording Academy has suffered, and will suffer, damage resulting from defendants' unjustified and wrongful conduct.  Such damage includes the trespasses into the GRAMMY Awards ceremony by people who are not members or invitees of The Recording Academy, interference with The Recording Academy's efforts to protect against potential security breaches, and harm to The Recording Academy's goodwill and reputation caused by the diminution in the glamour and exclusivity associated with the GRAMMY Awards ceremony and the negative publicity associated with the need to exclude and eject unauthorized ticket holders from entering the private event.  Such damage is incalculable and irreparable.  The Recording Academy is, therefore, entitled to preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, The Recording Academy prays for judgment as follows:

1.     Temporarily, preliminarily and permanently enjoining Hollywood Entertainment Group LLC, its officers, agents, servants and employees, and all persons in active concert and participation with it, and Craig Banaszewski from:

(a)     Offering or attempting to offer to buy or sell, or soliciting the purchase or sale of, any ticket, badges, credentials or anything entitling access to any GRAMMY Awards ceremony, pre- and post-ceremony events such as the GRAMMY Celebration Party, or any other event sponsored by or affiliated with The Recording Academy, the GRAMMY Foundation, Inc., and/or the MusiCares® Foundation, Inc. (including without limitation the MusiCares Person of the Year event);

(b)     Offering to perform, attempting to perform, or performing any act as an intermediary, broker or middleman relating to the purchase, sale or transfer of tickets, badges, credentials or anything entitling access to any GRAMMY Awards ceremony, pre- and post-ceremony events such as the GRAMMY Celebration Party, or any other event sponsored by or affiliated with The Recording Academy, the

GRAMMY Foundation, Inc., and/or the MusiCares Foundation, Inc. (including without limitation the MusiCares Person of the Year event);

(c)  Advertising or publishing any offer to purchase, sell, transfer or broker, or to otherwise act as an intermediary, broker or middleman, relating to the purchase, sale or transfer of tickets, badges, credentials or anything entitling access to any GRAMMY Awards ceremony, pre- and post-ceremony events such as the GRAMMY Celebration Party, or any other event sponsored by or affiliated with The Recording Academy, the GRAMMY Foundation, Inc., and/or the MusiCares Foundation, Inc. (including without limitation the MusiCares Person of the Year event);

(d)  Entering or attempting to enter any GRAMMY Awards ceremony, pre- and post-ceremony events such as the GRAMMY Celebration Party, or any other event sponsored by or affiliated with The Recording Academy, the GRAMMY Foundation, Inc., and/or the MusiCares Foundation, Inc. (including without limitation the MusiCares Person of the Year event);

(e)  Participating in, aiding or facilitating, or attempting to participate in, aid or facilitate, any effort by any person to gain unauthorized entry into any GRAMMY Awards ceremony, pre- and post-ceremony events such as the GRAMMY Celebration Party, or any other event sponsored by or affiliated with The Recording Academy, the GRAMMY Foundation, Inc., and/or the MusiCares Foundation, Inc. (including without limitation the MusiCares Person of the Year event);

(f)  Receiving any compensation, whether in money, in kind or otherwise, for any of the acts proscribed in subparagraphs (a) through (e) above;

(g)  Using or displaying for any purpose any registered mark, or any depiction, image, photograph, picture, illustration or other visual representation containing any registered mark owned by The Recording Academy and/or any of its

affiliates, including without limitation the GRAMMY Foundation, Inc. and/or the MusiCares Foundation, Inc.; and

        (h)     Using or displaying for any purpose any registered copyright, or any depiction, image, photograph, picture, illustration or other visual representation containing any copyrighted material owned by The Recording Academy and/or any of its affiliates, including without limitation the GRAMMY Foundation, Inc. and/or the MusiCares Foundation, Inc.

        2.     Requiring defendants, their officers, agents, servants and employees, and all persons in active concert and participation with them, to:  (a) engage in corrective advertising on any and all websites that have contained an offer to sell tickets to the GRAMMY Awards ceremony; (b) inform consumers that defendants are not authorized to sell GRAMMY Awards tickets, and any unauthorized transfer or sale of such is unlawful, will automatically render the tickets void, and subject the ticket holders to ejection from the GRAMMY Awards ceremony as trespassers; and (c) return and refund to all consumers all sums paid to defendants for GRAMMY Awards tickets and related travel packages;

        3.     Requiring defendants, their officers, agents, servants and employees, and all persons in active concert and participation with them, to immediately disclose to The Recording Academy any and all past and present sources of GRAMMY Awards tickets, including tickets to the 57th Annual GRAMMY Awards ceremonies, that defendants have reserved for sale, offered to sell, and/or sold;

        4.     Directing that defendants account to The Recording Academy for all gains, profits, and advantages derived from their wrongful conduct described herein;

        5.     Directing that defendants pay The Recording Academy such damages as it has sustained as a consequence of defendants' wrongful conduct described herein, with the precise amount to be determined at trial;

        6.     Directing that the defendants pay The Recording Academy such statutory damages as authorized by law;

7.    Directing that the aforesaid amounts be multiplied or otherwise enhanced as authorized by law;

8.    Directing that defendants pay to The Recording Academy punitive damages in an amount to be determined at trial;

9.    Directing that defendants pay to The Recording Academy pre- and post-judgment interest;

10.   Directing that defendants pay to The Recording Academy the costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505; and

11.   Granting The Recording Academy such other and further relief as the Court may deem just and proper.


DATED:  January 27, 2015                    Sandra A. Crawshaw-Sparks
                                            Jennifer L. Jones
                                            PROSKAUER ROSE LLP


                                            _____
                                                  /s/ Jennifer L. Jones
                                                   Jennifer L. Jones

                                            Attorneys for Plaintiff
                                            National Academy of Recording Arts &
                                            Sciences, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff National Academy of Recording Arts & Sciences, Inc. hereby demands a trial by jury.

DATED:  January 27, 2015

Sandra A. Crawshaw-Sparks
Jennifer L. Jones
PROSKAUER ROSE LLP


_____
/s/ Jennifer L. Jones
Jennifer L. Jones

Attorneys for Plaintiff
National Academy of Recording Arts &
Sciences, Inc.