Sandra A. Crawshaw-Sparks, SBN 291101
<scrawshaw@proskauer.com>
Jennifer L. Jones, SBN 284624
<jljones@proskauer.com>
Tracey L. Silver, SBN 287745
<tsilver@proskauer.com>
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA  90067-3206
Telephone:     (310) 557-2900
Facsimile:      (310) 557-2193

Attorneys for Plaintiff
National Academy of Recording Arts &
Sciences, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOLLYWOOD ENTERTAINMENT GROUP LLC, a Nevada Limited Liability Company, d/b/a VIP CONCIERGE, INC.; and CRAIG BANASZEWSKI, an individual,<br><br>Defendants. | Case No.  2:15-cv-594-MMM-MAN<br><br>**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY; AND MEMORANDUM OF POINTS AND AUTHORTIES**<br><br>[Declarations of  Jennifer L. Jones and Ann Meckelborg and (Proposed) Order filed concurrently herewith] |

**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

Plaintiff National Academy of Recording Arts & Sciences, Inc. ("The Recording Academy®"), hereby respectfully applies *ex parte*, pursuant to *Local* 7-19, for an Order for Leave to Take Expedited Discovery. Counsel for Defendants has confirmed in writing that they do not oppose this application.

This action was filed January 27, 2015. Defendants have not yet appeared in the action and the parties have not yet held their *Rule* 26(f) conference. The Recording Academy seeks leave to take, on an expedited basis, limited deposition and document discovery targeted to minimize the irreparable harm The Recording Academy will suffer if it cannot ascertain information necessary to invalidate the unauthorized tickets Defendants sold to the 57th Annual GRAMMY® Awards ceremony, which is **scheduled for February 8, 2015, and information necessary to notify the purchasers of those tickets that they will be denied entry to the event**. Specifically, The Recording Academy seeks to take, based on the agreement of the parties, the deposition of defendant Hollywood Entertainment Group LLC, pursuant to *Federal Rule of Civil Procedure* 30(b)(6), to proceed at the Los Angeles offices of Proskauer Rose LLP at 10:00 a.m. on February 5, 2015. The Recording Academy further seeks, and counsel for defendants has committed to providing, the production of available responsive documents no later than February 4, 2015 at 10:00 a.m.

The Recording Academy has narrowly tailored its request for expedited discovery that is focused on obtaining: (a) information sufficient to identify and contact the source of all unauthorized tickets to the 57th Annual GRAMMY Awards that defendants have negotiated to purchase and re-sold or offered for re-sale; (b) information sufficient to identify the unauthorized tickets sold, including but not limited to level, row and seat number; and (c) information sufficient to identify and contact those individuals who have purchased the unauthorized tickets to the 57th Annual GRAMMY Awards from defendants.

2

**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

Good cause exists to grant the requested expedited discovery on an *ex parte* basis. Defendants have sold, and are continuing to sell, nonpublic, nontransferable tickets to the GRAMMY Awards ceremony. This poses a clear and present threat to the GRAMMY Awards ceremony by allowing unknown and unauthorized persons access to the venue:

(a) Many celebrities attend the GRAMMY Awards ceremony, presenting significant security issues. The ceremony is broadcast live. The Recording Academy is concerned about (i) the safety of its members and invited guests, and (ii) any disruption of the live broadcast which, in turn, potentially would subject The Recording Academy to liability as a result of any violation of its agreement with the television network or FCC regulations;

(b) The Recording Academy seeks to avoid the inevitable harm to its reputation and goodwill, which will accrue to it in connection with the ejection of unauthorized ticket holders from the GRAMMY Awards ceremony; and

(c) The Recording Academy wants to avoid the monetary harm to any unwitting purchasers of the unauthorized tickets, including the cost of the tickets, plane fare, attire for the event, limousines, and the like, and the embarrassment that would result from being refused entry or ejected from the telecast.

The limited discovery sought is narrowly tailored so that The Recording Academy can: (a) identify and contact the source of the unauthorized tickets to stop any further sales; (b) identify the unauthorized tickets sold and invalidate them in order to preserve the security of its event; (c) identify and contact those who already have purchased the unauthorized tickets so they can be forewarned and denied access to the venue in the least disruptive manner possible.

1  The need for this limited and focused discovery outweighs any potential prejudice to the Defendants who are aware, and have been aware *for years*, that GRAMMY tickets are not for sale and nontransferable, and yet have continued to offer tickets for sale to the public.

Pursuant to *Local Rule* 7-19, on January 28, 2015, The Recording Academy's counsel gave notice of this Application and the relief sought by phone and e-mail to Defendants' counsel, Lawrence Segal of Segal Law Group (address: 9595 Wilshire Boulevard, Suite 201, Beverly Hills, CA 90212-2504; telephone: (310) 550-4840; e-e-mail: lawrence@legalsegal.com).  On January 29, 2015 at 10:56 a.m., Mr. Segal confirmed in writing at that defendants will not oppose this Application.[1]

This Application is based on this Notice of Application, the accompanying Memorandum of Points and Authorities; the Declarations of Jennifer L. Jones and Ann Meckelborg filed concurrently herewith; records and files of this Court; and all other matters which the Court may take judicial notice.

DATED:  January 29, 2015

Sandra A. Crawshaw-Sparks
Jennifer L. Jones
Tracey L. Silver
PROSKAUER ROSE LLP


  /s/ Jennifer L. Jones
Jennifer L. Jones

Attorneys for Plaintiff
National Academy of Recording Arts & Sciences, Inc.

---

[1] Mr. Segal has asked that The Recording Academy convey to the Court that he is currently acting as counsel in a limited capacity until he receives a monetary retainer for his services.  Please refer to Jones Declaration, Exhibit C for the scope in which Mr. Segal is currently acting as counsel for defendants

4

**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Plaintiff National Academy of Recording Arts & Sciences, Inc. ("The Recording Academy®"), seeks leave of the Court to serve limited, immediate discovery on Defendants, a ticket broker (and its owner) to identify: (a) the source of the unauthorized tickets to the GRAMMY Awards ceremony, **scheduled to be held ten days from today's date;** (b) the details regarding the tickets that were sold without authorization (e.g., the level, location and seat number, which can be used to identify the source of the tickets and unauthorized entrants to the venue); and (c) the identity and contact information for the purchasers of the unauthorized tickets that were sold.

Despite having knowledge of The Recording Academy's explicit restrictions on the transfer and sale of GRAMMY Awards tickets and that any unauthorized transfer or sale is unlawful, Defendants are engaging in the sale of tickets to the upcoming 57th Annual GRAMMY Awards ceremony through their website, www.thevipconcierge.com. Accordingly, expedited discovery is imperative to avoid: (1) a breach of security and trespass at the GRAMMY Awards ceremony; (2) the inevitable harm to The Recording Academy's reputation and goodwill, which will result if The Recording Academy is forced to eject or bar unauthorized ticket holders from the ceremony; and (3) embarrassment and monetary harm to any unwitting purchasers of the unauthorized tickets, including the cost of the tickets, plane fare, attire for the event, limousines, and the like.

The Court should grant this motion because The Recording Academy has good cause for seeking expedited discovery and *ex parte* relief is proper under the circumstances.

### Factual Background

Tickets to the GRAMMY Awards ceremony are not for sale to the general public. The Recording Academy offers tickets on a restricted basis only to their

**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

dues-paying members and to nonmember grantees such as The Recording promotional and sponsorship partners. (Declaration of Ann Meckelborg ("Meckelborg Decl."), ¶ 5.) Each ticket to the GRAMMY Awards ceremony issued by The Recording Academy is, on its face, nontransferable except in a manner specifically authorized in writing by the Recording Academy. Specifically, the admonition on the tickets state: "This ticket is not transferable . . . tickets transferred or re-sold without permission will be revoked and their bearers deemed trespassers." (*Id*. ¶ 6.) The nontransferable nature of the tickets is made apparent in several additional forms:

(a) Each member of The Recording Academy who is offered the opportunity to buy a limited number of tickets is required to sign and submit an Academy Member Order Form, in which the recipient agrees that the tickets are nontransferable, and that if transferred their bearers will be deemed trespassers at the ceremony. Comparable restrictions govern the distribution of tickets to The Recording Academy's nonmember invitees, including under authorized promotional and sponsorship programs (*Id*. ¶ 7);

(b) The Order Confirmation sent to each invitee who ordered GRAMMY Awards tickets contains language indicating the nontransferable nature of the tickets (*Id*. ¶ 8);

(c) When an invitee of The Recording Academy, or its designee, picks up the GRAMMY Awards tickets from The Recording Academy, the invitee is required to sign a Ticket Release Form and place the invitee's initials next to the paragraph titled "tickets are non-transferable (*Id*. ¶ 9);

(d) When an invitee picks up GRAMMY Awards tickets from The Recording Academy, the tickets are in an envelope with an affixed label that indicates the nontransferable nature of the tickets and that if the tickets are transferred or sold, such tickets will be deemed revoked and void, and their bearers deemed trespassers (*Id*. ¶ 10); and

2

(e) The GRAMMY Awards ticket contains language advising the ticket holder that the ticket is a revocable license for use only by the original purchaser and the purchaser's invited guest(s) and that no promotional, commercial, advertising or other trade use of the ticket may be made without the prior express written consent of The Recording Academy. (*Id.* ¶ 11.)

Not only *should* defendants know that the unauthorized transfer or sale of GRAMMY Awards tickets is unlawful, but they were affirmatively *put on notice* in connection with the 54th Annual GRAMMY Awards ceremony. Specifically, counsel for The Recording Academy wrote to defendants three years ago, on January 4, 2012 after The Recording Academy learned that defendants were offering for sale and/or selling tickets to the 54th Annual GRAMMY Awards ceremony on www.thevipconcierge.com. (Declaration of Jennifer L. Jones ("Jones Decl."), ¶5.) The letter advised defendants that the GRAMMY Awards telecast is not open to the general public, that The Recording Academy's ticket policy, to which all purchasers agree to be bound, restricts transfer or resale of tickets to the annual GRAMMY Awards telecast, and that anyone who seeks to use a ticket to the annual GRAMMY Awards telecast in contravention of this policy will be denied entrance to and/or ejected from the GRAMMY Awards telecast. (*Id.*)

Defendants have even gone so far as to admit that they are aware of The Recording Academy's restrictions on tickets to the Annual GRAMMY Awards ceremony. As detailed in a Complaint defendant Hollywood Entertainment Group LLC filed last year against a ticket reseller whose tickets to the February 10, 2013 55th Annual GRAMMY Awards ceremony The Recording Academy invalidated upon learning they were transferred without permission, The Recording Academy takes the privacy of the GRAMMY Awards ceremony seriously and will invalidate any tickets which it learns are the subject of an unauthorized sale. (*See* Complaint filed in *Hollywood Entertainment Group LLC v. Blakeley, et al.*, Civil Case No. BC509381 (L.A.S.C. May 17, 2013) attached as Exhibit B to Jones. Decl.)

3

**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

1  Notwithstanding the unambiguous prohibition against unauthorized transfer
2  or sale of GRAMY Awards tickets, Defendants have engaged, and on information
3  and belief will continue to engage, in the unauthorized sale of GRAMMY tickets.
4  Despite having been repeatedly warned by The Recording Academy the
5  unauthorized ticketholders will be barred from entry or ejected *and despite past*
6  *customers having been barred from prior GRAMMY Awards ceremonies*,
7  Defendants have brazenly ignored the strict prohibition against unauthorized
8  transfer or sale by advertising for sale and selling, through its website, at least
9  eleven tickets to the February 8, 2015 GRAMMY Awards telecast.  (Meckelborg
10 Decl. ¶ 13.)
11  On January 28, 2015, counsel for The Recording Academy spoke with
12 defendants' counsel, Lawrence Segal of Segal Law Group, by phone and e-mail to
13 provide notice of this Application and to seek defendants' consent to the expedited
14 discovery requested – specifically (a) the deposition of defendant on two (2)
15 business days' notice (but to occur no later than the Friday before the Sunday,
16 February 8 telecast); and (b) production of documents sufficient to reveal the (i) the
17 identity and contact information of the source of the tickets sold on Defendants'
18 website; (ii) the level, row and seat of the tickets sold; and (iii) the identity of and
19 contact information for the unwitting purchasers.  (Jones Decl. ¶ 8.)
20  On January 29, 2015, Mr. Segal confirmed in writing by email at 10:56 a.m.
21 that defendants will not oppose this Application.  (*Id*. ¶ 9.)
22  **Argument**
23 **THE COURT SHOULD GRANT THE RECORDING ACADEMY LEAVE**
24 **TO TAKE EXPEDITED DISCOVERY**
25  The court has discretion to grant the expedited discovery sought by The
26 Recording Academy.  *See Fed. R. Civ. P*. 26(d).  Indeed, this Court exercised its
27 discretion and awarded the exact type of relief that The Recording Academy is
28 seeking to preserve the sanctity of private awards ceremonies.  (*See Academy of*

4
**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

*Motion Picture Arts and Sciences v. Christopher M. McMurry, et al*, Civil Case No. 2:09-cv-00573-DSF-JTL; Memorandum in support of *Ex Parte* Application for Leave to Take Expedited Discovery and Order attached as Exhibits E and F to Jones Decl.) In fact, the relief requested here is narrower, as in that case the Academy of Motion Picture Arts & Sciences requested three depositions, and The Recording Academy seeks only one. (Jones Decl. ¶ 13.)

A party seeking expedited discovery need only show "good cause" for its requested departure from standard discovery procedures. *See In re CountryWide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) ("courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause."). Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

**Good Cause Exists for the Expedited Discovery Requested**

In this case, The Recording Academy's need for immediate access to the requested discovery in light of the February 8, 2015 GRAMMY Awards ceremony far outweighs any prejudice to Defendants.

First, many celebrities attend the GRAMMY Awards ceremony, presenting significant security issues. (Meckelborg Decl. ¶¶ 5, 12.) Moreover, the ceremony is broadcast live. The Recording Academy is legitimately concerned about: (a) the safety of its members and invited guests; and (b) any disruption of the live broadcast which, in turn, potentially would subject The Recording Academy to liability as a result of any violation of its agreement with the television network or FCC regulations.

Second, The Recording Academy seeks to avoid the inevitable reputational harm, which will accrue to it in connection with the need to exclude and eject unauthorized ticket holders from entering the private event. (*Id.* ¶ 15) The sooner

1  The Recording Academy determines the source of the unauthorized tickets and to
2  whom the tickets have been sold, the greater likelihood The Recording Academy
3  address the issue (*i.e.* prevent trespass from ever occurring) without the attendant
4  harm to its reputation.

5        Third, The Recording Academy wants to avoid the monetary harm to any
6  unwitting purchasers of the unauthorized tickets, including the cost of the tickets,
7  plane far, attire for the event, limousines, and the like.  (*Id.* ¶ 16.)  If the Recording
8  Academy can identify the unwitting purchasers, it will likely have the ability to
9  contact the purchasers *prior* to the event to notify them that their tickets are void and
10 that they will not be granted access to the GRAMMY Awards ceremony.

11       **<u>The Recording Academy's Request Does Not Prejudice Defendants</u>**

12       The Recording Academy's request for targeted, expedited discovery does not
13 prejudice defendants.  *See Semitool*, 208 F.R.D. at 277 (holding defendants were not
14 prejudiced by limited early discovery).  Defendants are aware that GRAMMY
15 tickets are not for sale and nontransferable, and yet have offered tickets for sale to
16 the public.  In addition to the strict prohibition against unauthorized transfer or sale
17 of GRAMMY Awards tickets stated on the face of ticket, on January 5, 2015, The
18 Recording Academy informed defendants in writing of the restrictions on the
19 transfer or sale of the tickets, and that any unauthorized transfer or sale is unlawful,
20 will automatically render the tickets void, and subject the ticket holders to ejection
21 from the GRAMMY Awards ceremony as trespassers.  (*See* letter, dated January 5,
22 2015, attached as Exhibit A to Jones Decl.)  Notwithstanding Defendants'
23 knowledge of their unlawful actions, Defendants continue to offer to sell and/or sell
24 GRAMMY Awards tickets to the 57th Annual GRAMMY Awards ceremony.

25       Moreover, any burden on Defendants to respond to the limited discovery is
26 minimal.  The Recording Academy seeks targeted discovery for the specific purpose
27 of identifying the source of the unauthorized tickets, the location of the seating in
28 question, and to whom the tickets have been sold.  (*Id.* ¶ 12.)  Indeed, the

reasonableness of the discovery sought is evidenced by defendants' non-oppositino this Application.

## **Conclusion**

For the foregoing reasons, The Recording Academy respectfully requests that the Court grant the Academy leave to take expedited discovery into the sources and purchasers of Defendants' unauthorized GRAMMY tickets.

DATED: January 29, 2015

Sandra A. Crawshaw-Sparks
Jennifer L. Jones
Tracey L. Silver
PROSKAUER ROSE LLP


 /s/ Jennifer L. Jones
Jennifer L. Jones

Attorneys for Plaintiff
National Academy of Recording Arts & Sciences, Inc.

7

**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**