Sandra A. Crawshaw-Sparks, SBN 291101
<scrawshaw@proskauer.com>
Jennifer L. Jones, SBN 284624
<jljones@proskauer.com>
Tracey L. Silver, SBN 287745
<tsilver@proskauer.com>
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

Attorneys for Plaintiff
National Academy of Recording Arts &
Sciences, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOLLYWOOD ENTERTAINMENT GROUP LLC, a Nevada Limited Liability Company, d/b/a VIP CONCIERGE, INC.; and CRAIG BANASZEWSKI, an individual,<br><br>Defendants. | Case No. 2:15-cv-594-MMM-MAN<br><br>**DECLARATION OF JENNIFER L. JONES IN SUPPORT OF THE NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC.'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** |

# **DELCARATION OF JENNIFER L. JONES**

I, Jennifer L. Jones, declare as follows:

1. I am a member of the Bar of the State of California and am an associate with Proskauer Rose LLP, attorneys for plaintiff National Academy of Recording Arts and Sciences, Inc. ("The Recording Academy®"). I make this declaration of my personal and first-hand knowledge and, if called and sworn as a witness, I could and would testify competently hereto.

**Defendants' Willful, Unauthorized Sale of GRAMMY Awards Ceremony Tickets**

2. In or about January 2015, The Recording Academy discovered that Defendants were offering for sales tickets to the 57th Annual GRAMMY Awards ceremony on www.thevipconcierge.com.

3. On January 5, 2015, The Recording Academy, through its counsel Proskauer Rose, wrote to Defendants to remind them of, among other things, The Recording Academy's restrictions on the transfer or sale of GRAMMY Awards tickets, and that any unauthorized transfer or sale is unlawful, will automatically render the tickets void, and subject the ticket holders to ejection from the GRAMMY Awards ceremony as trespassers. A true and correct copy of this letter, dated January 5, 2015, is attached as Exhibit A.

4. Defendants did not respond to the January 5, 2015 letter and have continued to offer for sale and sell tickets to the February 8, 2015 GRAMMY Awards ceremony.

5. This is not the first time The Recording Academy has advised Defendants regarding the restrictions on the transfer or sale of GRAMMY Awards tickets and the consequences thereof. Specifically, I am informed by other counsel for The Recording Academy that defendants were advised three years ago of the consequences of unauthorized ticket sales to the 54th Annual GRAMMY Awards. The Recording Academy did not further pursue the issue at that time because

1. defendants informed The Recording Academy at that time that they had voluntarily ceased the offending conduct.

6. However, (unbeknownst, at that time, to The Recording Academy), defendants recommenced the unauthorized sale of GRAMMY Awards ceremony tickets the very next year. In a complaint filed in Superior Court, Los Angeles County in 2013, defendants themselves detailed in pleadings that their customers were denied access to the 55th Annual GRAMMY Awards telecast (though they referred to it as "the February Event"). *See*, *e.g.*, Complaint in Hollywood Entertainment Group LLC v. Blakeley, et al, Civil Case No. BC509381 (L.A.S.C. May 17, 2013), attached as Exhibit B hereto.

7. On January 27, 2015, The Recording Academy filed its Complaint in this action. Defendants have not yet appeared in the action and the parties have not yet held their *Rule* 26(f) conference.

**Expedited Discovery Requested and Plaintiffs' Counsel's Efforts to Contact Defendants**

8. On January 28, 2015, I spoke with defendants' counsel, Lawrence of Segal Law Group,[1] by phone and e-mail to provide notice of this application and seek defendants' consent to the expedited discovery requested – specifically (a) the deposition of defendant on two (2) business days' notice (but to occur no later than Friday before the Sunday, February 8 telecast); and (b) production of documents sufficient to reveal the (i) the identity and contact information of the source of the tickets sold on Defendants' website; (ii) the level, row and seat of the tickets sold; (iii) the identity of and contact information for the unwitting purchasers.

9. On January 29, 2015, Mr. Segal confirmed in writing by email at 10:56 a.m. that defendants will not oppose this Application. A true and correct copy of our e-mail message exchange, dated January 29, 2015, is attached as Exhibit C.

---

[1] Mr. Segal has asked that I convey to the Court that he is currently acting as counsel in a limited capacity until he receives a monetary retainer for his services. Please see Exhibit C for the scope in which Mr. Segal is currently acting as counsel for defendants.

3

**DECLARATION OF JENNIFER L. JONES IN SUPPORT OF EX PARTE APPLICATION**

10. Based upon the agreement of the parties, The Recording Academy seeks to take the deposition of defendant Hollywood Entertainment Group LLC, d/b/a VIP Concierge, Inc., pursuant to *Federal Rule of Civil Procedure* 30(b)(6), on February 5, 2015 at 10:00 a.m., limited to the categories of documents provided to defendants in a draft deposition notice. A true and correct copy of the proposed Notice of Deposition of Hollywood Entertainment Group LLC, d/b/a VIP Concierge, Inc. is attached as Exhibit D.

11. The parties further agreed that the deposition will take no longer than three hours, contingent on the cooperation of the deponent, and defendants will produce not later than February 4, 2015 at 10:00 a.m. at the Los Angeles offices of Proskauer Rose, the limited category of documents set forth in the deposition notice attached as Exhibit D.

12. This testimony and information sought is narrowly tailored with the limited purpose of obtaining: (a) information sufficient to identify and contact the source of all unauthorized tickets to the 57th Annual GRAMMY Awards that defendants have negotiated to purchase and re-sold or offered for re-sale; (b) information sufficient to identify the unauthorized tickets sold, including but not limited to level, row and seat number; (c) information sufficient to identify and contact those individuals who have purchased the unauthorized tickets to the 57th Annual GRAMMY Awards from defendants.

13. As detailed in the accompanying memorandum, good cause exists for the requested relief. Indeed, in a similar action previously brought to rectify the unauthorized sales of tickets to the annual ©Oscars® ceremony, this court exercised its discretion to grant the Academy of Motion Picture Arts and Sciences expedited discovery, including three depositions. *See Academy of Motion Picture Arts and Sciences v. Christopher M. McMurry, et al*, Civil Case No. 2:09-cv-00573-DSF- Memorandum in support of Ex Parte Application for Leave to Take Expedited Discovery and Order, attached hereto as Exhibits E & F, respectively. In fact, the

4
**DECLARATION OF JENNIFER L. JONES IN SUPPORT OF EX PARTE APPLICATION**

1 | relief requested here is narrower, as in that case the Academy of Motion Picture Arts & Sciences requested three depositions, and The Recording Academy seeks only one.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 29, 2015, at Los Angeles, California.

                                        /s/Jennifer L. Jones
                                         Jennifer L. Jones

5

**DECLARATION OF JENNIFER L. JONES IN SUPPORT OF EX PARTE APPLICATION**