| | |
|---|---|
| 1 | Sandra A. Crawshaw-Sparks, SBN 291101 |
|   | <scrawshaw@proskauer.com> |
| 2 | Jennifer L. Jones, SBN 284624 |
|   | <jljones@proskauer.com> |
| 3 | Tracey L. Silver, SBN 287745 |
|   | <tsilver@proskauer.com> |
| 4 | PROSKAUER ROSE LLP |
|   | 2049 Century Park East, 32nd Floor |
| 5 | Los Angeles, CA  90067-3206 |
|   | Telephone:     (310) 557-2900 |
| 6 | Facsimile:      (310) 557-2193 |
| 7 | Attorneys for Plaintiff |
|   | National Academy of Recording |
| 8 | Arts & Sciences, Inc. |
| 9 | SEGAL LAW GROUP |
|   | Lawrence Segal (SBN 101339) |
| 10 | <lawrence@legalsegal.com> |
|   | Andrew D. Shupe (SBN 240635) |
| 11 | <andrew@legalsegal.com> |
|   | 9595 Wilshire Boulevard, Suite 201 |
| 12 | Beverly Hills, CA  90212-2504 |
|   | Telephone:     (310) 550-4840 |
| 13 | Facsimile:      (310) 550-4848 |
| 14 | Attorneys for Defendant |
|   | Entertainment Group LLC, d/b/a VIP |
| 15 | Concierge, Inc. and Craig Banaszewski |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2:15-cv-00594 MMM (MANx) STIPULATION REGARDING PRELIMINARY INJUNCTION AND TIMING OF DEPOSITION OF DEFENDANT CRAIG BANASZEWSKI |
| Plaintiff, | | |
| v. | | |
| HOLLYWOOD ENTERTAINMENT GROUP LLC, a Nevada Limited Liability Company, d/b/a VIP CONCIERGE, INC.; and CRAIG BANASZEWSKI, an individual, | | |
| Defendants. | | |

---

STIPULATION REGARDING PRELIMINARY INJUNCTION AND TIMING OF DEPOSITION OF
DEFENDANT CRAIG BANASZEWSKI (CASE NUMBER 2:15-cv-00594 MMM (MANx))

WHEREAS, plaintiff National Academy of Recording Arts & Sciences, Inc. ("The Recording Academy®" or "Plaintiff") filed a Complaint on or about January 27, 2015, asserting, among other things, that defendants Hollywood Entertainment Group LLC d/b/a VIP Concierge, Inc. and Craig Banaszewski ("VIP Concierge" and "Banaszewski," collectively "Defendants"), without The Recording Academy's authorization or consent, advertised for sale and sold non-transferable tickets to the 57th Annual GRAMMY® Awards ceremony and used The Recording Academy's protected intellectual property in its advertising to accomplish such sales;

WHEREAS, during a deposition on February 5, 2015, Banaszewski exercised his Fifth Amendment privilege against self-incrimination with respect to his potential criminal misdemeanor liability under the Ticket Sellers Act of the California Business and Professions Code, and counsel for Banaszewski advises The Recording Academy that Banaszewski currently intends to continue to do so until any potential criminal liability expires as of February 8, 2016;

WHEREAS, on May 29, 2015 and June 5, 2015, counsel for The Recording Academy and counsel for Defendants conferred pursuant to Federal Rule of Procedure 26(f);

WHEREAS, The Recording Academy is willing to agree to defer the deposition of Banaszewski until after February 8, 2016 if Defendants consent to an Order entering a preliminary injunction in the form attached hereto as Exhibit A;

WHEREAS, in agreeing to the preliminary injunction, Defendants do not admit wrongdoing or violation of law, but waive all rights to seek judicial review or otherwise challenge or contest the validity of this Stipulation or the preliminary injunction entered;

WHEREAS, the Parties agree that this Court has jurisdiction over the subject matter of this case and over all the parties hereto and that venue in this district is proper; and

1

STIPULATION REGARDING PRELIMINARY INJUNCTION AND TIMING OF DEPOSITION OF DEFENDANT CRAIG BANASZEWSKI (CASE NUMBER 2:15-cv-00594 MMM (MANx))

1       WHEREAS, the Parties agree that entry of the Order in the form attached as
2 Exhibit A hereto is in the public interest and that no security for issuance of the
3 Order shall be required pursuant to Fed. R. Civ. P. 65(c).
4       NOW, THEREFORE, The Recording Academy, VIP Concierge, and
5 Banaszewski (collectively, the "Parties") hereby stipulate and agree to entry of an
6 Order, the form of which is attached hereto as Exhibit A, with the following terms:
7     1. Defendants, and each of Defendants' respective agents, servants,
8         employees, successors and assigns, and all those acting in concert or
9         participation with any such persons, are hereby enjoined and restrained
10        through trial from:
11           a. Purchasing, selling or transferring, attempting to purchase, sell or
12             transfer or soliciting the purchase, sale or transfer of, any ticket,
13             badge, credential or anything entitling access to any future
14             GRAMMY Awards ceremony of The Recording Academy,
15             restricted members-only seating at the Latin GRAMMY Awards
16             ceremony of the Latin Academy of Recording Arts & Sciences, Inc.
17             ("The Latin Recording Academy"), and/or the following private
18             pre- and post-ceremony events sponsored by or affiliated with The
19             Recording Academy, The Latin Recording Academy, the
20             GRAMMY Foundation and/or the MusiCares Foundation: The
21             Recording Academy's official GRAMMY after-party, The Latin
22             Recording Academy's official Latin GRAMMY after-party, the
23             MusiCares Person of the Year event, the Clive Davis pre-
24             GRAMMY Awards party (also known as the pre-GRAMMY Gala),
25             the Entertainment Law Initiative Luncheon, the Music Preservation
26             Project event, GRAMMY Camp – Basic Training, the Special Merit
27             Awards Ceremony & Nominees Reception, and restricted members-
28

      only seating at GRAMMY Salute or other GRAMMY-branded special events;

  b. Offering to perform, attempting to perform, or performing any act as an intermediary, broker or middleman relating to the purchase, sale or transfer of tickets, badges, credentials or anything entitling access to any future GRAMMY Awards ceremony of The Recording Academy, restricted members-only seating at the Latin GRAMMY Awards ceremony of The Latin Recording Academy, and/or the following private pre- and post-ceremony events sponsored by or affiliated with The Recording Academy, The Latin Recording Academy, the GRAMMY Foundation and/or the MusiCares Foundation: The Recording Academy's official GRAMMY after-party, The Latin Recording Academy's official Latin GRAMMY after-party, the MusiCares Person of the Year event, the Clive Davis pre-GRAMMY Awards party (also known as the pre-GRAMMY Gala), the Entertainment Law Initiative Luncheon, the Music Preservation Project event, GRAMMY Camp – Basic Training, the Special Merit Awards Ceremony & Nominees Reception, and restricted members-only seating at GRAMMY Salute or other GRAMMY-branded special events;

  c. Advertising or publishing any offer to purchase, sell, transfer or broker, or to otherwise act as an intermediary, broker or middleman, relating to the purchase, sale or transfer of tickets, badges, credentials or anything entitling access to any future GRAMMY Awards ceremony of The Recording Academy, restricted members-only seating at the Latin GRAMMY Awards ceremony of The Latin Recording Academy, and/or the following private pre- and post-

3

ceremony events sponsored by or affiliated with The Recording Academy, The Latin Recording Academy, the GRAMMY Foundation and/or the MusiCares Foundation: The Recording Academy's official GRAMMY after-party, The Latin Recording Academy's official Latin GRAMMY after-party, the MusiCares Person of the Year event, the Clive Davis pre-GRAMMY Awards party (also known as the pre-GRAMMY Gala), the Entertainment Law Initiative Luncheon, the Music Preservation Project event, GRAMMY Camp – Basic Training, the Special Merit Awards Ceremony & Nominees Reception, and restricted members-only seating at GRAMMY Salute or other GRAMMY-branded special events;

d. Gaining or attempting to gain unauthorized access to any future GRAMMY Awards ceremony of The Recording Academy or restricted members-only seating at the Latin GRAMMY Awards ceremony of The Latin Recording Academy, and/or the following private pre- and post-ceremony events sponsored by or affiliated with The Recording Academy, The Latin Recording Academy, the GRAMMY Foundation and/or the MusiCares Foundation: The Recording Academy's official GRAMMY after-party, The Latin Recording Academy's official Latin GRAMMY after-party, the MusiCares Person of the Year event, the Clive Davis pre-GRAMMY Awards party (also known as the pre-GRAMMY Gala), the Entertainment Law Initiative Luncheon, the Music Preservation Project event, GRAMMY Camp – Basic Training, the Special Merit Awards Ceremony & Nominees Reception, and restricted members-

4

STIPULATION REGARDING PRELIMINARY INJUNCTION AND TIMING OF DEPOSITION OF DEFENDANT CRAIG BANASZEWSKI (CASE NUMBER 2:15-cv-00594 MMM (MANx))

only seating at GRAMMY Salute or other GRAMMY-branded special events;

e. Participating in, aiding or facilitating, or attempting to participate in, aid or facilitate, any effort by any person to gain unauthorized access to any future GRAMMY Awards ceremony of The Recording Academy, restricted members-only seating at the Latin GRAMMY Awards ceremony of The Latin Recording Academy, and/or the following private pre- and post-ceremony events sponsored by or affiliated with The Recording Academy, The Latin Recording Academy, the GRAMMY Foundation and/or the MusiCares Foundation: The Recording Academy's official GRAMMY after-party, The Latin Recording Academy's official Latin GRAMMY after-party, the MusiCares Person of the Year event, the Clive Davis pre-GRAMMY Awards party (also known as the pre-GRAMMY Gala), the Entertainment Law Initiative Luncheon, the Music Preservation Project event, GRAMMY Camp – Basic Training, the Special Merit Awards Ceremony & Nominees Reception, and restricted members-only seating at GRAMMY Salute or other GRAMMY-branded special events;

f. Receiving any compensation, whether in money, in kind or otherwise, for any of the acts described in paragraphs (a) through (e) above;

g. Using or displaying for any purpose any registered mark, or any depiction, image, photograph, picture, illustration or other visual representation containing any registered mark, which is owned by The Recording Academy, The Latin Recording Academy and/or any of their respective affiliates, including without limitation the

5

GRAMMY Foundation and/or the MusiCares Foundation, and which is specified (i) at ¶ 35 of the Complaint in this action (the MUSIC'S BIGGEST NIGHT mark); (ii) at ¶ 36 of the Complaint in this action (the Gramophone Logo, the registration of which is Exhibit G to the Complaint); and/or (iii) on Exhibit 1 attached to the Order Entering Stipulated Preliminary Injunction and Setting Time for Defendant Craig Banaszewski's Deposition; and

    h. Using or displaying for any purpose any copyright-protected material, or any depiction, image, photograph, picture, illustration or other visual representation containing any copyright-protected material, which is owned by The Recording Academy, The Latin Recording Academy and/or any of their respective affiliates, including without limitation the GRAMMY Foundation and/or the MusiCares Foundation, and which is specified (i) at ¶ 37 of the Complaint in this action (the Gramophone Logo); or (ii) at ¶ 39 of the Complaint in this action (the GRAMMY Photographs, which are Exhibits H, I, J, K, L and M to the Complaint).

2. For the avoidance of doubt and the purpose of clarification (and it being understood that Plaintiff reserves all rights with respect to the following activities), nothing contained herein shall prohibit Defendants (and/or any of Defendants' respective agents, servants, employees, successors and assigns, or those acting in concert or participation with any such persons) from:

    a. Engaging in any of the acts described in paragraphs 1.a. through 1.f. above with respect to seating at the Latin GRAMMY Awards ceremony of the Latin Recording Academy, which is not restricted members-only seating;

6

STIPULATION REGARDING PRELIMINARY INJUNCTION AND TIMING OF DEPOSITION OF DEFENDANT CRAIG BANASZEWSKI (CASE NUMBER 2:15-cv-00594 MMM (MANx))

      b. Using or displaying the words "Latin GRAMMY Awards" to engage in the acts described in paragraph 2.a. above; and/or

      c. Engaging in any of the acts described in paragraphs 1.a. through 1.f. above with respect to events not enumerated therein.

3. The deposition of Defendant Craig Banaszewski shall commence, at a mutually agreed time, on or within three days of February 9, 2016 (and shall continue day to day until complete); provided, however, that in the event Defendant Banaszewski submits a declaration, affidavit or other sworn statement in this matter prior to February 9, 2016, Defendants shall be entitled to depose Mr. Banaszewski prior to February 9, 2016 regarding the matters relating thereto.

DATED: July 10, 2015        SO STIPULATED:

Sandra A. Crawshaw-Sparks
Jennifer L. Jones
Tracey Silver
PROSKAUER ROSE LLP


By:  /s/ Jennifer L. Jones
        Jennifer L. Jones

Attorneys for Plaintiff
National Academy of Recording Arts & Sciences, Inc.


Lawrence Segal
SEGAL LAW GROUP


By:  /s/ Lawrence Segal
        Lawrence Segal
Attorneys for Defendants
Hollywood Entertainment Group LLC d/b/a VIP Concierge, Inc. and Craig Banaszewski

7

## E-FILING ATTESTATION

I, Jennifer L. Jones, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

      /s/ Jennifer L. Jones
_____
      Jennifer L. Jones

8

STIPULATION REGARDING PRELIMINARY INJUNCTION AND TIMING OF DEPOSITION OF DEFENDANT CRAIG BANASZEWSKI (CASE NUMBER 2:15-cv-00594 MMM (MANx))