1
2
3
4              NOTE: CHANGES MADE BY THE COURT
5
6
7                  **UNITED STATES DISTRICT COURT**
8                 **CENTRAL DISTRICT OF CALIFORNIA**
9
10

| | |
|---|---|
| 11  NATIONAL ACADEMY OF<br>RECORDING ARTS & SCIENCES,<br>12  INC., a Delaware corporation,<br>13<br>            Plaintiff,<br>14<br>15      v.<br>16<br>HOLLYWOOD ENTERTAINMENT<br>17  GROUP LLC, a Nevada Limited<br>Liability Company, d/b/a VIP<br>18  CONCIERGE, INC.; and CRAIG<br>BANASZEWSKI, and individual,<br>19<br>20<br>            Defendants.<br>21 | Case No.  2:15-CV-00594 MMM (AFMx)<br>*[Assigned to District Judge Margaret M.<br>Morrow and Magistrate Judge Alexander<br>F. MacKinnon]*<br><br>[~~PROPOSED~~] **ORDER ENTERING<br>STIPULATED PROTECTIVE ORDER**<br>Note:  Language added by the Court in<br>paragraphs 15 and 17 of the Order.<br><br><br>Action Filed:  January 27, 2015<br>Trial Date:  May 24, 2016 at 8:30 a.m. |

22
23
24
25
26
27
28

                                    1
**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER**
**(CASE NUMBER 2:15-CV-00594 MMM (AFMx)**

THIS MATTER comes before the Court upon the Stipulation of plaintiff National Academy of Recording Arts & Sciences, Inc. ("The Recording Academy®" or "Plaintiff") and defendants Hollywood Entertainment Group LLC d/b/a VIP Concierge, Inc. and Craig Banaszewski ("VIP Concierge" and "Banaszewski," collectively "Defendants") for entry of a stipulated protective order ("Order"). Plaintiff and Defendants may be referred to herein as the "Parties."

Having considered the Stipulation for Entry of Protective Order, the Court finds that:

1. The parties to this action intend to undertake various forms of discovery directed to each other and, additionally, discovery in the form of deposition subpoenas, including document production requests, directed to non-parties.

2. This action is likely to involve disclosure of confidential information regarding The Recording Academy's business practices with respect to its policies and practices for ensuring the privacy and exclusivity of the annual GRAMMY Awards ceremony and public disclosure regarding how The Recording Academy secures the event will only expose The Recording Academy to future violations of its policies and jeopardize the security and sanctity of this event.

3. This action may involve disclosure of confidential information regarding The Recording Academy's confidential contractual relationships, which concern non-public and proprietary information which if disclosed would implicate the privacy rights of The Recording Academy and third parties with whom it has contracts and potentially subject The Recording Academy to a competitive disadvantage.

4. This action is likely to involve the disclosure of certain confidential information regarding Hollywood Entertainment Group LLC d/b/a VIP Concierge's and/or Craig Banaszewski's business practices, customer

2

information, credit card information, financial records, records of business transactions, business operations, and accounting or bookkeeping information, and in particular with respect to the acquisition and/or sale of tickets of passes to the GRAMMY Awards and related events.

5. The foregoing information is of a confidential, private and proprietary nature, not otherwise known to the general public or other businesses or competitors, which, if disclosed, would potentially subject Hollywood Entertainment Group and/or Craig Banaszewski to claims for invasion of privacy by its customers, result in the revelation of customer information otherwise considered private, the disclosure of customer lists and business practices, and would otherwise entail the disclosure and exposure of non-public private financial and asset information to third parties and the general public, to the detriment of the security and privacy rights of the Defendants and their customers.

6. Documents, data and information, answers to interrogatories, answers to deposition questions, responses to requests for admissions, declarations and such other material and information as may be provided to and among the parties and to the Court during the course of discovery, motion practice and court proceedings in this litigation (hereinafter collectively referred to as "Discovery Material") may represent or contain the above-described confidential personal, commercial, business, or financial information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

7. Good cause has been shown for the entry of this Order.

**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER (CASE NUMBER 2:15-CV-00594 MMM (AFMx)**

# ORDER

**IT IS THEREFORE ORDERED** that, the Parties are subject to the Order, as follows:

1.    This Order shall govern all Discovery Material, as defined above, produced or disclosed by the parties to this litigation (the "Parties") and produced or disclosed by any non-parties to this action ("Non-Parties").

2.    "Confidential Information" means confidential personal, commercial, business, or financial information, which is contained or disclosed in any Discovery Material governed by this Order.

3.    The Parties and Non-Parties shall, in good faith, designate as Confidential Information only such Discovery Material that such designating parties reasonably believe requires confidential treatment.  The Parties and Non-Parties who designate Discovery Material as Confidential Information pursuant to this Order are collectively referred to as "the Designating Parties."  Discovery Material shall be designated as Confidential Information in accordance with the procedures set forth in paragraphs 4 or 5 of this Order.  The designation of such information as "Confidential" will not create any presumption for or against such treatment and all Parties' objections to such treatment are preserved.

4.    Discovery Material that is produced in written form that contains Confidential Information shall be designated as Confidential by placing the legend "Confidential – Subject to Protective Order" on each page of such material to be designated as Confidential Information prior to production of such material.

5.    In the event that any question is asked at a deposition which a party asserts calls for the disclosure of Confidential Information, the deponent shall answer fully and completely provided that, prior to answering, all persons present shall be advised of and shall agree on the record to the terms and conditions of this Order.  Counsel for the party whose Confidential Information is contained in deposition

4

testimony may, either at the deposition or within 15 days after the date on which the transcript thereof is made available, notify opposing counsel, either on the record or in writing, that information disclosed at a deposition has been designated Confidential and shall clearly designate which portions of the deposition transcript shall be treated as Confidential Information either by page and line number or exhibit number. In order to facilitate such designations, unless otherwise agreed to in writing, all deposition transcripts shall be treated as Confidential until fifteen (15) days after the transcript has been made available to all Parties.

6. Counsel, and others permitted by this Order to receive disclosure of Confidential Information, shall use such Confidential Information only in preparation for trial of, at trial of and in any appeal or other proceedings related to this action. Confidential Information so designated may be reviewed and copied by counsel of record for the receiving party, may only be disclosed as otherwise agreed in writing between the Parties, as required by court order, or as follows:

(a) to attorneys of record, their associated attorneys, including attorneys representing the Parties in connection with this litigation but who are not counsel of record, paralegals, and clerical staff employed in the preparation and trial of this action;

(b) to the individual Parties, or any officer, director, or employee of a Party;

(c) to any other person requested by counsel to furnish technical or other expert or consulting services or to give testimony, or otherwise to assist in the preparation for the trial of this action, provided, that each such person to whom the information is to be disclosed first shall be advised of and agree to the terms and conditions of this Order, shall appropriately restrict access to the information, and shall execute an acknowledgment in the form of **Exhibit A** attached hereto;

(d) to deponents (and their attorneys) who are not otherwise permitted

5

1  to receive disclosure of Confidential Information pursuant to paragraphs 6 (a) through

2  (c) above, if:  (i) the deponent and all other persons present at the deposition are first

3  advised of and agree on the record to the terms and conditions of this Order, and (ii)

4  the Confidential Information is not left in the possession of the deponent, with the

5  exception that the deponent may possess such Confidential Information in the course

6  of, and for the purpose of, reviewing the transcript of the deponent's deposition

7  pursuant to Federal Rule of Civil Procedure 30(e); and

8          (e) the Court, court personnel and court reporters;

9          (f) the author or recipient of a document containing the information or a

10  custodian or other person who otherwise possessed or knew the information;

11  and

12          (g) any mediator or settlement officer, and their supporting personnel,

13  mutually agreed upon by any of the parties engaged in a settlement discussion.

14          7.      The parties acknowledge that this Protective Order does not entitle them

15  to file confidential information under seal; Local Civil Rule 79-5 sets forth the

16  procedures that must be followed and the standards that will be applied when a party

17  seeks permission from the court to file material under seal.

18          There is a strong presumption that the public has a right of access to judicial

19  proceedings and records in civil cases.  In connection with non-dispositive motions,

20  good cause must be shown to support a filing under seal.  See Kamakana v. City and

21  County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors

22  Corp,, 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc.,

23  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good

24  cause showing), and a specific showing of good cause or compelling reasons with

25  proper evidentiary support and legal justification, must be made with respect to

26  Protected Material that a party seeks to file under seal.  The parties' mere designation

27  of Disclosure or Discovery Material as CONFIDENTIAL does not— without the

28

6

**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER**
**(CASE NUMBER 2:15-CV-00594 MMM (AFMx)**

submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable— constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as 'Confidential,' the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of

**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER**
**(CASE NUMBER 2:15-CV-00594 MMM (AFMx)**

1   the motion and supporting papers.  If a Party's request to file Protected Material under

2   seal is denied by the court, then the Receiving Party may file the information in the

3   public record unless otherwise instructed by the court.

4          8.      Designation of documents or other information as Confidential shall not

5   be considered as determinative of whether the contents of the documents or the

6   information specified are publicly known or properly designated.  The party receiving

7   such documents or information shall have the right to challenge such Confidential

8   designation at any time that is consistent with the Court's scheduling order.  Any party

9   seeking to challenge a designation of confidentiality shall initiate the dispute

10  resolution process under Local Rule 37.1 *et seq*.  The burden of persuasion in any

11  such challenge proceeding shall be on the Designating Party.  Frivolous challenges,

12  and those made for an improper purpose (e.g., to harass or impose unnecessary

13  expenses and burdens on other parties) may expose the party challenging the

14  confidentiality designation to sanctions.  Unless the Designating Party has waived or

15  withdrawn the confidentiality designation, all parties shall continue to afford the

16  material in question the level of protection to which it is entitled under the Producing

17  Party's designation until the Court rules on the challenge.

18         9.      This Order shall not, in itself, operate as an admission against or

19  otherwise prejudice any contention of any of the Parties.  The Parties may, on noticed

20  motion or by stipulation, seek to amend any provision(s) of this Order.

21         10.     Upon final termination of this litigation, the Parties and Non-Parties may

22  request the return to them of all previously-furnished Discovery Material, including

23  any copies thereof, and each of the Parties to whom such discovery material has been

24  furnished or produced shall be obligated to return the same, including any copies.  In

25  addition, all extracts, tabulations, and compilations containing portions of such

26  Discovery Materials (except pleadings), and all computerized formats thereof and

27  indices thereto, in any form whatever, shall be destroyed by the party that created

28

8

**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER**
**(CASE NUMBER 2:15-CV-00594 MMM (AFMx)**

them no later than 60 days following the request for return of Discovery Materials. Notwithstanding the foregoing, the Parties' counsel of record may retain, after the final termination of this litigation, one copy of their respective work product that contains or incorporates Confidential Information, provided that:  (a) this allowance to retain Confidential Information extends both to outside attorneys of record for the Parties and to in-house counsel; (b) the Confidential Information so retained shall not be disclosed or used for any purpose, except for disclosure required by court order, in which case the attorney required to disclose such information shall promptly provide the Designating Party with written notice of the demand for disclosure and shall refrain from disclosing such information for a period of no less than ten days from issuance of such court order to enable the Designating Party to seek relief from the ordering court in order either to preclude, or to secure restrictions on, the disclosure of their Confidential Information.

11.     The Parties shall be responsible, through counsel, to advise the Court and the designating party of any losses or compromises of the confidentiality of information or documents governed by this Order, and for ensuring compliance with the terms of this Order regarding the disposition of discovery materials in accordance with paragraph 10 above.

12.     Disclosure of all items designated as Confidential in this action shall be solely for the purposes of this action, and the information disclosed shall not be used for any other purpose.

13.     In the event anyone shall violate or threaten to violate any terms of this Order, the aggrieved Party or Non-Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order.  The Court shall retain jurisdiction over the Parties and other persons subject to the terms of this Order for the purpose of enforcing this Order.

14.     The Parties agree to work together in good faith to jointly request from

**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER
(CASE NUMBER 2:15-CV-00594 MMM (AFMx)**

the judicial officer conducting any trial of this matter such orders as are necessary and appropriate consistent with this Stipulation, so that Confidential Information can be utilized at trial.

15.    Nothing in this Stipulation shall prevent any party from asserting that portions of documents produced in discovery contain confidential financial or other proprietary information that is not discoverable, even though contained in documents which may be discoverable, and redacting such information subject to all Parties' preserving their rights to litigate the propriety of the redaction.   <u>Provided, however, that given the scope of discovery under the Federal Rules and the goal of just, speedy and inexpensive resolution of this matter, the Court does not favor or encourage the use of redactions in an otherwise discoverable document under the rationale certain confidential information in the document is not discoverable in the view of the producing party.   If any redactions are to be made for this reason, they should be very limited and only used where there is a compelling reason to redact instead of producing the information with the appropriate confidentiality designation. Redactions can and should be made of privileged material or work product information contained within an otherwise discoverable document.</u>

16.    Nothing in this Stipulation shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.  Pursuant to the Court's authority under Federal Rule of Evidence 502, and any other applicable law, rule or legal principal, the inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity shall not waive the privilege or immunity if a request for the return of such documents or information is made promptly after the disclosing party learns of its inadvertent production.

//

**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER
(CASE NUMBER 2:15-CV-00594 MMM (AFMx)**

17.     This Order shall be without prejudice to the right of the Parties and/or Non-Parties to request additional protection under the rules and statutes pertaining to discovery.  This includes, but is not limited to, the right of the Parties to take the position that an "Attorneys' Eyes Only" designation is required, which is expressly reserved.   Should any Party (or Non-Party) request additional protection under the rules and statutes pertaining to discovery, the Parties agree to: (i) discuss the same in good faith as and when the issue arises; and (ii) present the issue to the Court for consideration via a joint stipulation under Local Rule 37.2 if they cannot reach agreement.

**IT IS SO ORDERED**.

DATED: 10/23/ 2015

_____

Alexander F. MacKinnon
United States Magistrate Judge

**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER
(CASE NUMBER 2:15-CV-00594 MMM (AFMx)**

**EXHIBIT A**

**UNDERTAKING RE PROTECTIVE ORDER**

UNDERTAKING OF _____

I, _____, declare:

1.    My address is _____. My present occupation is _____.

2.    I have received a copy of the Protective Order and Stipulation for Entry of Protective Order in this action, filed on _____, 2015. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any information designated "CONFIDENTIAL" that I receive in this action, except to the extent that such "CONFIDENTIAL" information is or becomes public information in accordance with the Protective Order.

Executed this ____ day of _____ at _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name:      _____

Signature:  _____

Address:   _____

                   _____

**[PROPOSED] ORDER ENTERING STIPULATED PROTECTIVE ORDER
(CASE NUMBER 2:15-CV-00594 MMM (AFMx)**